## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

KEDRIC F. STEELE                                                    PLAINTIFF

V.                                                    CAUSE NO. 4:24-CV-00108-JMV

DEIDRE HUGGINS, et al.                                             DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* prisoner complaint of Kedric F. Steele, who challenges the conditions of his confinement under 42 U.S.C. § 1983. Upon due consideration of his allegations and the applicable authority, the Court finds that Steele's claims should be dismissed for failure to state a claim upon which relief can be granted.

### Screening Standards

Because Steele has been permitted to proceed *in forma pauperis* in this action,[1] his claims are subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2).[2] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that would be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state a

---

[1] *See* Doc. # 10.
[2] *See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Plaintiff's Allegations

Steele, an inmate in the custody of the Mississippi Department of Corrections ("MDOC") is currently housed at the Mississippi State Penitentiary ("MSP") located in Parchman, Mississippi. In the instant matter, Steele complains about the location of the facility in which he is housed. In particular, Steele argues that he should be transferred to the Kemper/Neshoba County Regional Correctional Facility because it is geographically closer to his family members' residence(s). Steele further emphasizes that—due to his housing location—he was unable to see his grandmother before she recently passed away. Steele names "Interim ADOS of MSP" Deidre Huggins and his Case Manager Carolyn Orr as Defendants in this action. By way of relief, Steele requests an unidentified amount of monetary damages for the stress caused by not "being able to see [his] grandmother alive, and to be moved closer to home." Doc. # 1 at 5.

## Discussion

Steele's complaint is based entirely on his wish to be housed in a facility closer to home. A post-conviction prisoner's liberty interest protected by the Due Process Clause is "generally limited to freedom from restraint which . . . imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). Since placement at a certain institution is not an "atypical and significant hardship", no constitutionally protected right has been created. In fact, it is well-established that "[a]n inmate does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another." *Johnson v. King*, 2013 WL 1729247, at *2 (S.D. Miss. April 22, 2013) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)); *see also Blakeney v. Holman*, 2013 WL 4483433, at *4 (S.D. Miss. Aug. 19, 2013); *Rockett v. Keffer*, 2009

2

WL 775482, at *4 (W.D. La. Mar. 24, 2009); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). Moreover, it would be an unreasonable interference with prison administration to rule that Steele must be housed at the facility of his choosing based on his desire to be geographically closer to family members. *See Jones v. U.S.*, 534 F.2d 53, 54 (5th Cir. 1976)(prison officials have broad discretion, free from judicial interference, in determining prisoner assignments).

In response to the Court's Order directing him to "show cause as to why his complaint should not be dismissed because inmates possess no constitutional right to serve a sentence in any particular institution," *see* Doc. # 11, Steele merely repeats allegations from his complaint. *See* Doc. # 13. While the Court is not unsympathetic to Steele's desire to be housed closer to his family, such wishes do not amount to constitutional rights. The Court, therefore, finds that Steele's allegations fail to allege a constitutional deprivation, and his complaint should be dismissed.

<u>Conclusion</u>

Based on the foregoing discussion, the Court finds that Steele has failed to state a cognizable constitutional claim. Accordingly, the Court finds that this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Steele is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is in imminent danger of some physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

**SO ORDERED**, this the 18th day of December, 2024.

/s/ Jane Virden
UNITED STATES MAGISTRATE JUDGE